**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KENT M. BELL,

    Petitioner,

    v.

STATE OF MARYLAND,[1]

    Respondent.

Civil Action No.:  ELH-23-1450

**MEMORANDUM**

On May 26, 2023, the above-captioned case was opened upon receipt of petitioner Kent M. Bell's "Writ of Mandamus." ECF 1.  The court construes ECF 1 as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, because petitioner is challenging the validity of a 2013 conviction.  *Id.* at 1.  Bell subsequently filed a motion to proceed in forma pauperis, which shall be granted.  ECF 4.  For the reasons discussed below, the petition must be dismissed.

The petition challenges Bell's Maryland conviction in Case No. 121722-C, which the Maryland Judiciary Case Search reveals took place in the Circuit Court for Montgomery County. ECF 1 at 1; *see* https://casesearch.courts.state.md.us/casesearch/ (last visited July 17, 2023).  Bell has sought habeas relief in this court for the same conviction on five prior occasions.  *See Bell v. Dovey, et al.*, Case No. GLR-19-2470 (D. Md.); *Bell v. Maryland*, Case No. GLR-21-107 (D. Md.); *Bell v. Maryland*, Case No. PWG-21-2569 (D. Md); *Bell v. Werner, et al.*, Case No. SAG-22-0675 (D. Md.); *Bell v. Maryland*, Case No. DLB-22-3381 (D. Md.).

---

[1] The proper respondent in an action for habeas corpus is the petitioner's custodian.  *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004).

Pursuant to 28 U.S.C. § 2244, Bell may only file a second or successive habeas corpus petition if he has first moved the appropriate federal circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).  Based on the prior habeas petitions, the court finds that the instant petition is successive and may not be considered by this court until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so.  *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  As Bell has not submitted any evidence that he complied with this "gatekeeper" provision, the pending petition for habeas corpus relief must be dismissed, pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization order.  The procedural requirements and deadlines are extensive.  Consequently, I shall direct the Clerk to provide Bell with a packet of instructions promulgated by the Fourth Circuit that addresses the comprehensive procedures to be followed by Bell if he wishes to seek authorization to file a successive petition.  It is to be emphasized that Bell must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The denial of a certificate of appealability does not preclude Bell from seeking permission to file a successive petition or from pursuing his claims upon

receiving such permission.  However, because Bell has not made a substantial showing of the denial of his constitutional rights, this court will not issue a certificate of appealability.

A separate Order follows.


July 17, 2023                                            /s/
Date                                          Ellen L. Hollander
                                              United States District Judge